MILLIMAN v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Negligence — railroad train.  Passenger — intoxicated person entitled to safe carriage.·  Verdict — on conflicting evidence conclusive.*

Where a railroad train had come to a full stop for the purpose of enabling passengers to alight, and without notice the train was suddenly moved, causing injury to those alighting, *held,* that it was immaterial, upon the question of negligence, whether such motion was in a backward or forward direction.

*Held,* also, that the intoxication of an injured passenger, while proper to be considered by the jury upon the question of contributory negligence, did not exonerate the railroad company from liability for the injury.

The verdict of a jury on conflicting evidence ought not to be disturbed, except in clear, marked and exceptional cases, where there is evidence of ·passion, prejudice, partiality, bias or palpable mistake, or misconception in respect to the evidence.

APPEAL by defendant from an order denying a new trial after a verdict in favor of plaintiff.

The action was brought by James H. Milliman against the New York Central and Hudson River Railroad Company to recover damages for personal injuries.  The plaintiff was a passenger on defend-

ant's railroad, and had purchased a ticket from Palmyra to Macedon. When the train in which he was riding had reached Macedon, one of defendant's servants, whose duty it was to do so, called out the name of the station.    Plaintiff thereupon undertook to alight, when the train, without notice, moved suddenly backward.    Plaintiff was thereby thrown under the cars and one of his arms was cut off. The accident took place about midnight.    There was evidence given tending to show that plaintiff was at the time considerably under the influence of liquor, and not entirely competent to take care of himself.    Other facts appear in the opinion.

*E. G. Lapham,* for appellant.

*J. H. Camp,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J. None of the exceptions to the charge of the judge were, I think, well taken.    The judge had stated to the jury that it was alleged that, the defendants were negligent in the operation of the train and that after they had arrived at the station and had given the signal, and after the train had been stopped for the purpose of enabling the passengers to alight, the train was suddenly and without warning moved, and the plaintiff was thrown between the cars and sustained injury ; that it made no difference whether it was a motion backward or forward which occasioned the injury.    If the injury was occasioned by that, the plaintiff's case was made out.    The defendants' counsel excepted to this portion of the charge, so far as it stated that it would be negligence for the train to move either backward or forward, and also to the refusal of the judge to charge upon a specific request " that unless the train was backed up by the power of the locomotive, the same being reversed for that purpose, there was no negligence on the part of the defendant," and also asked the judge to charge "that there was no evidence to show that the locomotive was put in motion backward after the train stopped."

The substance of the complaint and the allegations of negligence were, that, after the train had come to a full stop and the plaintiff had reached the door of said car, and was about to get off from the same, the said train was backed by a sudden jerk and with great

force without warning to the plaintiff, and he was thus thrown out and injured. The point of the allegation was, that, by a sudden movement of the cars at the precise time when the plaintiff was at the door, seeking to get off, the plaintiff was thrown between the cars. The plaintiff testified that, " as he stepped into the door and started to step down, the cars gave a jerk back and the car pitched him forward." His son, who was with him, testified, as his father was just stepping from the door to the platform, the train gave a jerk back and then ahead again. The same fact in respect to the jerking of the car was testified to by a large number of witnesses. It was in respect to this jerking of the car that the judge said that it made no difference whether it was a motion backward or forward which occasioned the injury. And I think this was correct. The negligence imputed, and the only negligence upon which the action was sought to be sustained, consisted in this sudden movement of the cars after they had come to a full stop and while the passengers were getting out from them. This question of fact was fairly tried and submitted to the jury, and it cannot have been essential to the proper determination of the case for the jury to determine precisely how it occurred, if satisfied that the "sudden jerk" of the cars, as stated by the witnesses, actually took place at the time and in the manner stated. The substance of the issue was that the cars, under the control of the defendants' servants actually did, by the said " sudden movement," cause the injury in question. About this fact the witnesses could not be mistaken, and it was really immaterial whether it was the result of a backward or forward movement of the locomotive. The charge of the judge and his refusals to charge otherwise than he did on this point was substantially correct.

The charge in respect to the question of the intoxication of the plaintiff, taken and considered altogether, was sound and right. The defendants had no right to injure the plaintiff by any negligence on their part because he was intoxicated, if such were the fact. There are degrees of inebriation, and this plaintiff was clearly, upon the evidence, not so intoxicated as to be unable to take care of himself, if he was actually in any respect under the influence of intoxicating liquors at the time when he was injured. The question was doubtless a proper one for the consideration of the jury, so far as it related to the ability of the plaintiff to act with proper care, judgment and discretion in and about the defendants' cars, and in

getting on and off the same, and the judge in substance so stated to the jury.

Upon the merits there was, as the judge stated, quite a conflict in the testimony, and in such cases the verdict of a jury ought not to be disturbed, except in clear, perhaps I should say, in marked and exceptional cases, where there is evidence of passion, prejudice, or partiality, or bias, or palpable mistake, or misconception in respect to the evidence. The jury in no case can properly, as urged by counsel, disregard the testimony of unimpeached and credible witnesses; but, in every case of a conflict of testimony, the witnesses generally are and must be more or less contradicted, and in this sense impeached. In such cases some of the witnesses must neces·sarily be mistaken, and it is the proper and particular province of the jury, with the witnesses before them, to determine where the truth lies, and which of the witnesses are best entitled to be believed.

This court doubtless possesses the power, and constantly exercises it, to review the evidence in cases tried by a jury, and set aside verdicts when they are manifestly erroneous and against the decided weight of the testimony, but this power obviously should not be exercised except in clear and palpable cases. It is a power which, in the first instance, can most properly be exercised by the judge who tries the cause. He is much better fitted to pass upon the weight of the testimony and to determine whether the verdict is unwarranted than the judges sitting in bank and reading the evidence in a case before them, without a view of the witnesses and the benefit derived from an actual contact with the facts and circumstances of a cause as developed upon the trial.

In this case the motion for a new trial was duly made before the circuit judge who tried the cause and was by him denied. We see no well-founded reason to reverse his decision upon the facts or otherwise.

The order denying the motion for a new trial should, therefore, be affirmed.

*Order affirmed.*